UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kristopher Wilmot Berry, # 347006, *a/k/a* Kristopher W. Berry,  Petitioner,  vs.  Willie Eagleton, SCDC,  Respondent. | ) C/A No.: 2:13-3149-RMG-BHH ) ) ) ) ) ) Report and Recommendation ) ) ) ) ) |

Petitioner has filed this matter pursuant to 28 U.S.C. § 2254. Petitioner complains he was placed in protective custody after a sexual assault and "...failed to earn 'good time' during [his] time at SMU [special management unit]..." Petitioner alleges he spent fifty (50) days in the special management unit. He also alleges that a "[g]rievance was made and no satisfaction has been received through grievance process" and that he is "awaiting appeal from Administrative Law Court."

Petitioner also filed a Section 1983 action in this court on September 3, 2013.[1] Berry v. Eagleton, et al., Civil Action No. 2:13-2379-RMG-BHH (D.S.C. 2013). In that matter, Petitioner alleged he lost "good-time" credits while he was in the SMU, but he also stated he was told he could not earn "good-time" credits while in the SMU, even if he was in protective custody. Petitioner was advised in an order entered on October 2, 2013 that, to

---

[1] A Court may take judicial notice of its own books and records. See Aloe Creme Laboratories, Inc. v. Francine Co., 425 F. 2d 1295, 1296 (5th Cir. 1970)(the court may take judicial notice of its own records); Mann v. Peoples First Nat'l Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954)(approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties); and Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

the extent he was seeking the **restoration** of his "good-time" credits, relief was available only through a habeas corpus petition [ECF No. 8].

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 60 U.S.L.W. 4346, 118 L.Ed.2d 340, 112 S.Ct. 1728, (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, (1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). *Pro se* Petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); and Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). However, even when considered under this less stringent standard, the Petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

In this matter, Petitioner alleges he **failed to earn** "good-time" credits during his time in the special management unit ["SMU"]. Petitioner previously filed a Section 1983 action in this Court alleging that he **lost** "good-time" credits while he was in the SMU, but was also

told he **could not earn** "good-time" credits while in the SMU, even if he was in protective custody. Because Petitioner appeared to allege in his Section 1983 action that he lost both earned credits and the right to earn credits, he was advised in a prior order issued by this court that, to the extent he was seeking the **restoration** of "good-time" credits, his remedy lied in habeas.

This was because Petitioner can not challenge the loss of his **already earned** "good-time" credits in a Section 1983 action. If he had lost only privileges, or the **right to earn** "good-time," or other, credits, he may challenge the loss of those in his Section 1983 action. See Howard v. South Carolina Department of Corrections, 399 S.C. 618, 733 S.E.2d 211 (S.C. 2012), where the South Carolina Supreme Court held that there is a difference between an inmate's forfeiture of accrued sentence-related credits versus the withholding of unearned, potentially available sentence-related credits. In Howard, the Court found that an inmate does not acquire an interest in sentence-related credits until he or she earns them, and therefore the loss of the opportunity to earn sentence-related credits does not implicate a state-created liberty interest. As a result, the Court in Howard said that the ALC could summarily dismiss an inmate appeal that involves only the loss of the opportunity to earn sentence-related credits. Therefore, if Petitioner has not lost earned credits then his remedy is not properly in habeas, and he is only required to exhaust through Step 2 of the internal prison grievance process before challenging his disciplinary convictions in this Court through a Section 1983 action.

If, on the other hand, Petitioner has lost **earned** "good-time" credits, the relief which Petitioner seeks is exclusively available in a petition for writ of habeas corpus. See Preiser v. Rodriquez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)("When a prisoner

is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); see generally, Wilkinson v. Dotson, 54 U.S. 74, 78-82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005)(summarizing the distinctions between § 1983 and habeas actions). In addition to the requirement of administrative exhaustion under 42 U.S.C. § 1997e, habeas review also requires exhaustion of state court remedies. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-91 (1973); Picard v. Connor, 404 U.S. 270 (1971). The § 2254 exhaustion requirement is satisfied by seeking review of the claim in the highest state court with appellate jurisdiction to consider the claim. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)(state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process before filing a habeas petition).[2]

In South Carolina, the state Supreme Court has explicitly held that, as far as federal

---

[2] Since O'Sullivan was decided, several federal courts have held that states may place an otherwise "available" state court remedy such as a final discretionary review by the state's highest court "outside the standard review procedures" but only if they do so by explicit rule, order, or opinion. Compare, Mattis v. Vaughn, 128 F. Supp. 2d 249 (E.D. Pa. 2001)(Pennsylvania; Supreme Court administrative order sufficiently placed otherwise "available" discretionary appeal "outside of the standard review procedures" in the criminal cases to exercise docket control and decline comity extended to it by federal law), *aff'd*, 80 F. App'x 154 (3d Cir. 2003), *cert. denied*, 540 U.S. 1223 (2004); Adams v. Holland, 330 F.3d 398 (6th Cir. 2003)(same; court rule in Tennessee), *cert. denied,* 541 U.S. 956 (2004); Randolph v. Kemma, 276 F.3d 401, 404 (8th Cir. 2002)(same; Missouri court rule); Crowell v. Knowles, 483 F. Supp. 2d 925 (D. Ariz. 2007)(same; Arizona court opinion) with Rodriguez v. Scillia, 193 F.3d 913, 917 (7th Cir. 1999)(discretionary appeal to Supreme Court was available state court remedy which had to be exhausted); Hicks v. Wilson, No. 4:04CV84LS, 2006 WL 2372255 (S.D. Miss. June 13, 2006) (same in absence of explicit removal of discretionary appeal from "standard review process," prisoner must apply for such review).

habeas corpus review of state criminal convictions or post-conviction relief matters is concerned, the discretionary review by the South Carolina Supreme Court of Court of Appeals cases referenced in the South Carolina Appellate Court Rules ("SCACR") 242 falls "outside of South Carolina's 'ordinary appellate procedure'" and that invocation of this review is not required to exhaust state court remedies for § 2254 purposes. State v. McKennedy, 348 S.C. 270, 559 S.E.2d 850 (2002) (quoting O'Sullivan); see In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 321 S.C. 563, 471 S.E.2d 454 (1990). Accordingly, in keeping with existing state law, insofar as federal habeas corpus review of a sentence computation is concerned, a prison inmate must pursue Step 1 and Step 2 SCDC grievances following the administrative decision, and must then appeal any denial of his Step 2 SCDC grievance to the state Administrative Law Court (ALC) pursuant to SCAPA. See S.C. Code Ann. § 1-23-380; SCACR 203(b)(6)(appeal of administrative decisions). If the inmate is unsatisfied at the ALC level, s/he must pursue further judicial review by way of an appeal to the South Carolina Court of Appeals, S.C. Code Ann. § 1-23-610(B)(judicial review of ALC decisions involving single director agencies such as SCDC go to Court of Appeals).

If Petitioner has lost **earned** "good-time" credits, this case must be dismissed for failure to exhaust all state court remedies. This is because Petitioner admits he has not yet received a decision from the ALC. Furthermore, when Petitioner receives his decision from the ALC, his next appeal is to the South Carolina Court of Appeals. If Petitioner has lost only the right to earn good-time credits, he has already filed a Section 1983 action raising such a claim in this court.

## **RECOMMENDATION**

Accordingly, it is recommended that the § 2254 petition in the above-captioned case be dismissed *without prejudice* and without requiring the respondents to file a return for failure to exhaust state remedies.  See <u>Allen v. Perini</u>, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

                    s/Bruce H. Hendricks
                    United States Magistrate Judge

December 31, 2013
Charleston, South Carolina

***The petitioner's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume, Clerk
>United States District Court
>Post Office Box 835
>Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).