**IN THE UNITED STATES DISTRICT COURT**RECEIVED CLERK'S OFFICE
**DISTRICT OF SOUTH CAROLINA**

2014 JAN 24 'P 1:45

| | | |
|---|---|---|
| Kristopher Wimot Berry, #347006, | ) | |
| a/k/a Kristopher W. Berry, | ) | No. 2:13-cv-3149-RMG |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Willie Eagleton, *SCDC*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the

Magistrate Judge (Dkt. No. 6), recommending that this action be dismissed without prejudice and

without requiring the respondents to file a return. For the reasons stated below, the Court

**ADOPTS** the R & R in full. Accordingly, this action is **DISMISSED** without prejudice.

## Background

In September of 2013, Petitioner brought a Section 1983 action, which is still pending.

*Berry v. Eagleton*, Case No. 2:13-cv-2379-RMG-BHH (D.S.C. Sept. 3, 2013) ("*Berry I*"). In

*Berry I*, Petitioner alleges, among other things, that he lost "good time" credits while in SMU

and that he was told he could not accrue "good time" credits while in SMU, even if in protective

custody. (*Berry I*, Dkt. No. 1 at 15). In an October 2, 2013 Order, the Court informed Petitioner

that if he sought restoration of good-time credits earned and lost, such relief could only be

obtained in a habeas action. (*Berry I*, Dkt. No. 8 at 1 n.1). This habeas action followed.

Petitioner states in his Petition that he is awaiting a decision from the Administrative Law

Court on the issues raised in this action. (Dkt. No. 1 at 13). Thus, the Magistrate Judge

1

recommended that the Petition be dismissed without prejudice for failure to exhaust administrative remedies. (Dkt. No. 6). The Magistrate Judge also noted that to the extent that Petitioner claims he lost the **privilege** or **right to earn** good time credits, such a claim was properly raised and will be resolved in his Section 1983 action. (*Id.* at 3). Petitioner has not filed any objections to the R & R.

## Discussion

The Magistrate Judge makes only a recommendation to this Court. The responsibility for making a final determination remains with this Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made. Here, however, because no objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

The Court agrees with the Magistrate Judge that it is apparent from the face of the Petition that Petitioner has not yet exhausted his administrative remedies. Therefore, the Court **ADOPTS** the R & R in full. Accordingly, this action is **DISMISSED** without prejudice and without requiring the respondents to file a return.

//

//

2

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is DENIED.

**IT IS SO ORDERED**.

Richard Mark Gergel
United States District Judge

January 23 , 2014
Charleston, South Carolina